FARMERS STATE BANK OF RICHARDTON, NORTH DAKO-
TA, a Banking Corporation, Appellant, v. ROBERT H. STIEG
and Carl Stieg, Defendants. CARL STIEG, Respondent.

(219 N. W. 776.)

**Suretyship — statutory provisions — entitled to benefit of security.**

1. Under § 6687, Comp. Laws 1913, "a surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor at the time of entering into the contract of suretyship or acquired by him afterwards."

**Subrogation — surety subrogated to creditor's rights.**

2. The lien of a surety subrogated to the rights of the creditor by reason of the payment of a mortgage indebtedness is superior to that of a subsequent mortgagee whose mortgage is taken with notice of the surety's claim.

**Subrogation — when surety's negligence does not estop to claim subrogation.**

3. A surety is not estopped from claiming the right of subrogation on account of negligence in enforcing his claim, unless such negligence causes injury to another, or increases the burden of other lien holders.

**Subrogation — evidence held to support judgment that surety's lien was superior.**

4. Evidence examined and held to sustain the findings and conclusion of the trial court, that the lien of the defendant, Carl Stieg, to one Altman Taylor Tractor is superior to the lien of the plaintiff under its mortgage.

Opinion filed June 1, 1928.

Subrogation, 37 Cyc. p. 383 n. 21; p. 391 n. 63; p. 414 n. 1; p. 428 n. 99.

Appeal from the District Court of Stark County, *Pugh,* **J.**
Affirmed.

*Crawford, Cain, & Burnett,* for appellant.

*Otto Thress,* for respondent.


BURKE, J.   This is an action to foreclose a chattel mortgage on an Altman Taylor Tractor.

The trial court made findings of fact and conclusions of law holding that the plaintiff has a lien on the Altman Taylor gas engine under the mortgage dated December 16, 1924, but said lien is inferior and subsequent to the lien of Carl Stieg for $1,000, and interest at 6 per cent per annum from and after October 25, 1923, and from a judgment thereon plaintiff appeals, demanding a trial de novo.

On August 23, 1922, the defendant, Robert Stieg, purchased of the Altman Taylor Company the said tractor. His property statement not being satisfactory the Altman Taylor Company required his father, Carl Stieg, to sign two notes as surety, each note being for $1,000, one due October 25, 1922, and the other due October 25, 1923, as further security a mortgage was given at said time upon said tractor which mortgage was signed by both defendants. The said notes and mortgage were drawn in the plaintiff bank, and John Shafer, the cashier of said bank, signed his name as a witness to said mortgage. Four months later, on December 21, 1922, Robert Stieg gave to the plaintiff bank a mortgage on said tractor for $3,950 to secure an indebtedness beginning back in 1918, the said John Shafer acting for the bank at the time. On December 16, 1924, Robert Stieg renewed the said indebtedness to the plaintiff bank giving one note for $3,000, one for $1,072.65 and securing the same with a mortgage on said tractor, and it is this mortgage the plaintiff is foreclosing in this action. Carl Stieg on the request of Robert Stieg paid the first $1,000 note to Altman Taylor Company when it was due, and was subsequently paid therefore by Robert Stieg. He also paid the other $1,000 note when it became due October 25, 1923, in the plaintiff bank, where the collector of Altman Taylor Company had headquarters at the time. He received a satisfaction of the mortgage which he delivered to John Muggli, cashier of the Merchants State Bank of Richardton, who forwarded the same to the register of deed for record. Robert Stieg never paid Carl Stieg the

$1,000 which he paid for Robert Stieg, October 25, 1923, and Carl Stieg claims that since he was obliged to pay the $1,000 note as surety he is entitled to the benefit of every security held by the creditor, the Altman Taylor Company, and the only question in this case is, the priority between the claims of the plaintiff under its mortgage of December 16, 1924, and the claim of Carl Stieg for the $1,000 payment of October 25, 1923.

Under § 6687, Comp. Laws 1913, "a surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor or by a cosurety at the time of entering into the contract of suretyship or acquired by him afterwards, whether the surety was aware of the security or not." It is clear that this section is intended to protect the surety, and it does protect him, even when he signs as a surety without knowledge of securities held by the creditor.

The plaintiff does not stand in the light of an innocent purchaser. The cashier of the plaintiff bank knew the facts relating to the purchase of the tractor. He knew that the Altman Taylor Company did not sell the tractor to Robert Stieg without the signature of Carl Stieg as surety, he knew at that time, that Robert Stieg was heavily indebted to the bank, and that four months later he took for the bank, a mortgage on the same tractor from Robert Stieg for $3,950, knowing at the time, that at least one note given for the tractor had not been paid. He knew that when he took the mortgage in December, 1924, that Robert Stieg had not paid his indebtedness to the bank, but on the contrary had let it accumulate until it amounted to $4,072.65, and was the same indebtedness covered by the mortgage of December, 1922.

John Shafer, cashier of the plaintiff bank, testified that he did not know that Carl Stieg had paid the note, to the Altman Taylor Company October 25, 1923, and at the time of the execution of the mortgage Robert Stieg told him, that he had settled with his father for the tractor. But Robert Stieg testified, that at the time he gave the mortgage to the plaintiff bank in December, 1924, that he told John Shafer that his father had a claim of $1,000 against the tractor. Carl Stieg went to the bank in March, 1926, and he said to John Shafer in substance, "why did you take a mortgage on that tractor when you knew that I had a claim against it for $1,000?" John Shafer at that time, did not deny that he knew that Carl Stieg had a claim against the

tractor, but he testified that he told Carl Stieg that he would release the mortgage on the tractor and he did give him a release of a mortgage, not the mortgage executed in December, 1924, but the mortgage of December, 1922. Shafer is asked this question, "you knew he expected to get a complete release of that tractor?" And he answered, "I imagined that he did." The fact that he did not deny knowledge of the claim of Carl Stieg when he was charged with taking a mortgage on the tractor when he knew Stieg had a claim against it, is a circumstance which would indicate that he did have knowledge of the claim, and his telling Stieg at that time, that he would release the mortgage on the tractor, is a recognition of Stieg's claim. He knew that he, Carl Stieg, believed that the bank was releasing all claims against the tractor when he delivered to him the satisfaction of the bank's mortgage.

The defendant, Carl Stieg, is not estopped from asserting his right of subrogation on account of negligence, for the reason, that the plaintiff was in no way injured by the negligence, or delay of the said defendant in the prosecution of his claim.

Section 6687, Comp. Laws 1913, is but the enactment into law of the well-known equitable principles of subrogation, and the defendant's lien as a surety is clearly under the evidence and the principles of subrogation superior to the lien of the plaintiff, and the judgment is affirmed.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.